IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARYL M. KENT,  §  <br> PETITIONER, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> RESPONDENT. § | CIVIL CASE NO. 3:23-CV-2786-E-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Daryl M. Kent's *pro se* request for a pretrial diversion program was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the request, construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[1]

Kent, a state pretrial detainee at the Nelson Coleman Correctional Center in Killona, Louisiana, seeks to participate in a pretrial diversion program under criminal case number 3:23-CR-48. Doc. 3 at 1-3.[2] Kent alleges that he was released from custody on December 13, 2022, but his criminal charges remain pending. Doc. 3 at 1. Kent requests to participate in a pretrial

---

[1] *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases (providing for summary dismissal of a habeas petition) and Rule 1(b) (applying the 2254 Rules to habeas petitions not covered by § 2254).

[2] According to St. Charles Parish Sherriff's Office records, Kent is detained on a drug possession charge and two fugitive holds by undisclosed agencies. *See* https://stcharles-so-la.zuercherportal.com/#/inmates (last accessed on Dec. 21, 2023).

diversion program so that he can keep working while also attending college and taking care of his children. Doc. 3 at 1. The Clerk of the Court filed Kent's pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

To entertain a habeas corpus petition under 28 U.S.C. § 2241, a court must have jurisdiction over the prisoner or his custodian. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (the district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition). This Court lacks both.

A search of this Court's records confirms that no federal criminal case is pending against Kent in the Northern District of Texas, and he is not a defendant in this Court's case number 3:23-CR-48—the case number referenced in his pleading. Doc. 3 at 1. Further, Kent is incarcerated in the Eastern District of Louisiana.

Based on the foregoing, Kent's construed petition should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on December 26, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).